**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 01, 2024.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| In re:<br><br>WASTEPLACE, LLC,<br><br>Debtor. | Case No. 23-10768<br>Chapter 11 Proceedings<br><br>Hon. Shad M. Robinson |

**ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION**

This matter came before the Court at a final hearing to consider confirmation (the "**Confirmation Hearing**") of the Plan of Reorganization proposed by WastePlace, LLC (the "**Debtor**"), as modified (the "**Plan**," Docket No. 108) in these proceedings and on the record at the Confirmation Hearing held and concluded on January 25, 2024.

Present or making appearances at the hearing were counsel for the Debtor (Justin Mertz), the Debtor's representative (Gary LaBreck), the Subchapter V Trustee (Michael Colvard,

hereinafter the "**SubV Trustee**"), and counsel for certain creditors who have entered an appearance in the case.

The Court has reviewed and considered (i) the Plan, (ii) the documents admitted into evidence including the record in these proceedings, (iii) the testimony of Mr. LaBreck, (iv) the statements and arguments of counsel, and (iv) any other relevant factors affecting the case as set forth on the record. Based upon the record in these proceedings, and for the reasons stated on the record at the Confirmation Hearing,

**THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

A. The Debtor filed this case on September 18, 2023 (the "**Petition Date**") and was qualified to be a Debtor under 11 U.S.C. § 109. The Debtor was also qualified and elected to proceed as a small business debtor under Subchapter V of the Bankruptcy Code as that term is defined by 11 U.S.C. § 1182(1).

B. This Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Western District of Texas was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

C. Every person or entity required to receive notice of the hearing on confirmation of the Plan, as well as the Plan voting and Plan objection deadlines set by the Court, received timely and adequate notice as required by the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") 2002 and 9014 and the Bankruptcy Code.

D. The contents of the Plan (with any modifications as set in this Order) satisfy the applicable requirements of 11 U.S.C. § 1190 and any other applicable requirements of the

Bankruptcy Code.

E.   The Plan and the Debtor have satisfied all applicable requirements for confirmation of the Plan under 11 U.S.C. § 1191(a).

F.   The Plan and the Debtor have satisfied all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Plan, including the satisfaction of the requirements for confirmation set forth in 11 U.S.C. §§ 1123, 1129, 1190, and 1191.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1.   The Debtor's Plan, as attached to this Confirmation Order, is **CONFIRMED** and is approved in each and every respect as a consensual plan pursuant to 11 U.S.C. § 1191(a). The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. To the extent any terms of the Plan conflict with this Order, this Confirmation Order shall control.

2.   To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby overruled.

3.   Within three (3) business days after the Effective Date, the Debtor shall serve notice ("**Notice**") of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; (iii) notice of substantial consummation of the Plan as required under 11 U.S.C. § 1183(c)(1) and (2), and (iv) any bar dates and any other deadlines set by the Plan, pursuant to Bankruptcy Rule 3020(c)(2). The Notice shall be filed on the docket and sent by first class mail, postage prepaid to the Debtor, trustee, creditors, equity security holders, and any other interested parties. The Debtor shall thereafter promptly file proof of service of the Notice with the Court.

4.   The provisions of the Plan, along with any clarifications regarding the terms of the Plan made on the record during the Confirmation Hearing, and any documents executed in

conjunction with the Plan, and this Confirmation Order are, as of the Effective Date, effective and binding on the Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, or other persons claiming through them. The Debtor and all holders of Claims and Interests are bound by the Plan within the meaning of 11 U.S.C. § 1141.

5. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject only to such modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

6. The Debtor and its respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Confirmation Order.

7. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all the property of the Estate vests in the Debtor. Except as provided in 11 U.S.C. § 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after Confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Interests of creditors.

8. Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on Debtor's schedules or arising under chapter 5 of the Bankruptcy Code or any other claims or defenses owned

by the Debtor on the Effective Date, and the Debtor and Reorganized Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in its sole discretion, evaluate and determine whether to pursue any such retained claims.

9. Upon the Effective Date, the Debtor shall be and hereby is discharged for any claim that arose prior to the Petition Date and to the extent provided by 11 U.S.C. § 1141(d)(1), except that Debtor will not be discharged of any debt or obligation: (i) imposed by the Plan; (ii) excepted from discharge to the extent provided in 11 U.S.C. § 1141(d)(6).

10. The services of the SubV Trustee shall terminate upon substantial consummation of the Plan pursuant to 11 U.S.C. § 1183(c)(1). Following issuance of the notice of substantial consummation as required under 11 U.S.C. § 1183(c)(2), the SubV Trustee shall be discharged from all duties as Trustee.

11. The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

12. This Confirmation Order is a final order and effective and enforceable immediately upon entry and the period in which an appeal must be filed shall commence upon the entry hereof.

13. As a result of the consensual confirmation of the Plan, Paragraph 3 of this Court's prior *Order Approving Stipulation to Compromise and Resolve Debtor's Motion for Contempt Against JAW Waste, LLC*, is hereby deleted and replaced with the following: "The provision of the Agreement at Paragraph 5 is approved such that any distribution payable to JAW under the Plan shall be waived and remitted to the Debtor."

###End of Order###